**XIAO DONG ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

**No. 03–4417–ag.**

United States Court of Appeals, Second Circuit.

May 8, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Douglas B. Payne, New York, New York, for Petitioner.

Charles T. Miller, Acting United States Attorney for the Southern District of West Virginia, Karen B. George, Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiao Dong Zheng, a native and citizen of the People's Republic of China, petitions for review of the order of the BIA, affirming a decision of Immigration Judge ("IJ") Sandy Hom. The IJ rejected the petitioner's application for asylum and withholding of removal, and the BIA denied the petitioner's request to remand the matter to raise a claim under the Convention Against Torture ("CAT"), finding that the CAT claim lacked merit. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004); *Secaida-Rosales v. INS*, 331 F.3d 297, 306-07 (2d Cir.2003).

Applying these principles to this case, we find, contrary to the IJ, nothing inherently suspect about the petitioner's failure to mention his wife's sterilization in his written application or his 1995 testimony, because the very purpose of the BIA's remand order was to allow the petitioner to include such allegations, in the first instance, based on the expanded definition of a refugee. *See Secaida-Rosales*, 331 F.3d at 308 ("Like outright inconsistencies, the impact of omissions must be measured against the whole record before they may justify an adverse credibility determination."). Moreover, we disagree with the IJ's finding that the petitioner's claim of a well-founded fear of persecution was rendered incredible by his procurement of a renewed or reissued passport from a Chinese consulate in New York, when there is no evidence in the record to suggest that Chinese consulates maintain close ties with local family planning officials or would refuse passports to those individuals who have fled China based on violations of the coercive family planning policy.

Nevertheless, despite these errors, we deny the petition for review. An independent review of the record indicates that remand would be futile, because "the untainted evidence in support of the IJ's conclusion is so 'overwhelming' that there is no realistic possibility of a different result on remand." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006). We owe substantial deference to the IJ's finding that the petitioner's demeanor was not that of a credible witness. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir.2005). Substantial evidence also supports the IJ's

observation that the petitioner made inconsistent statements regarding the date he left China. In this instance, it was not improper for the IJ to compare the petitioner's testimony on remand with his written application and his 1995 testimony, because the date he left China was a material and substantial fact, independent of the specific ground on which his asylum claim relied. Similarly, the IJ properly noted that the petitioner failed to mention his placement in a reform class in his written application or his 1995 testimony, because the reform class allegedly resulted from his criticism of the coercive family planning policy—the ground on which his asylum claim relied prior to remand.

Given the weakness of the petitioner's submitted documentation, the IJ's demand for further corroboration was reasonable. We have held that the requirement that the agency identify the particular evidence missing and its availability "'pertains when the IJ or BIA cites inadequate corroboration as a basis for denying [relief] to an applicant who is *otherwise credible.'*" *Xiao Ji Chen*, 434 F.3d at 164 (quoting *Zhou Yun Zhang*, 386 F.3d at 78) (emphasis and alteration in original). That is not the case here, as the IJ did not base his rejection of petitioner's claim on an absence of corroborative evidence, but rather, on his finding that petitioner's largely uncorroborated, non-credible testimony was insufficient to establish asylum.

Because the petitioner is ineligible for asylum, the IJ properly concluded that he could not meet the higher burden of establishing eligibility for withholding of removal. *See Secaida-Rosales*, 331 F.3d at 306. The petitioner's argument on appeal that the BIA failed to consider his request to remand the matter to raise a CAT claim is belied by the record. Moreover, substantial evidence supports the

BIA's finding that the petitioner failed to prove that "it is more likely than not that he … would be tortured if removed to [China]," *see* 8 C.F.R. 208.16(c)(2), and therefore is not eligible for CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).